IN THE UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| In Re: James and Rita Malec, Debtors | Bankruptcy Case 04-17796 |
| James Malec and Rita Malec Plaintiffs | Chapter 13 |
| V | Adversary Case |
| Cook County Clerk and Cook County Treasurer Defendants | |

Adversary proceeding for violation of the discharge order under 11USC 524(a) and violation of the automatic stay under 11 USC 362(h)

NOW COME debtors, James and Rita Malec, by and through their attorneys, Gleason and Gleason, an request this Honorable Court find against the Cook County Treasurer (the County) for violation of the Chapter 13 discharge order and violation of the automatic stay, and states the following in support:

1. The Court has jurisdiction to entertain this matter pursuant to 28 U.S.C. § 1334 and Internal Operating Procedure 15(a), United States District Court for the Northern District of Illinois. This matter constitutes a core proceeding under 28 U.S.C. § 157(b)(2)(A) and (O). Venue is proper under 28 USC § 1409.

2. Debtors filed for relief under chapter 13 of the bankruptcy code on 5/5/2004.

3. The Cook County Collector was listed on schedule D of the debtors' bankruptcy schedules using the Debtors tax bill from 2002-2003.

4.  Debtors' schedules listed the pre-petition debt as $8000 owed on taxes that had come due prior to filing but had not been sold prior to filing.

5.  Debtors' plan provided for re-payment of the taxes under section E(5)(a) in the amount of $8000. (see attached exhibit A, debtors' confirmed plan).

6.  On 7/19/2004 this Court signed the order confirming the debtors' plan.

7.  On 7/26/04 Cook County Collector filed their claim in the amount of $11845.03. The claim listed as a debt secured by real estate and did not list any interest owed. The claim was only the one page. (see exhibit B)

8.  Trustee Tom Vaughn paid, per the confirmed plan, $8000 to the County.

9.  The confirmed plan states in section B, provision 3:
The holder of any claim secured by property of the estate, other than a mortgage treated in section C or in paragraph 3 of section E, shall retain the lien: Until receipt of all payments **provided for by this plan** on account of the portion of the claim that is a secured claim under 11 USC sec 506(a) at which time the lien shall terminate and be released by the creditor. Again, section E(5)(a) provided for repayment to the County of $8000 as the secured portion of the claim.

10. At no time did the County object to the plan filed by the debtors.

11. 12/11/2008 debtors received their discharge order on this case.

12. From when the County filed their claim 7/26/2004, to discharge on 12/11/2008, the County never objected or informed any party that they were not being paid as they felt they should, even though they were well aware of the pending bankruptcy for more than 4 years.

13. 1/6/2010 property taxes on property 4542 Heartland Dr, Richton Park, IL, PIN 31-34-303-015-0000 were sold for the years 2002 and 2003 in clear violation of the discharge injunction under 11 USC section 524(a). (see attached exhibit C)

14. As of 5/5/2010 the amount to redeem on these taxes has ballooned to 19,330.22, clearly the County continued to charge interest on this debt even though the debt was a part of the chapter 13 bankruptcy and they were collecting payments on the taxes via said bankruptcy. The County continued to charge interest that was not granted to them on the confirmed plan and that their own claim did not list, which violated the automatic stay while the case was pending under 11USC section 362(h).

15. The County should be bound by the confirmed plan citing Supreme Court decision, *United Student Aid Fund v Espinosa 08-1134 March 2010,* and a very similar case in our district decided by Judge Black, *In Re: Barton Case # 02B12199.* The County

cannot sit on its rights and ignore the confirmed plan, an order by this Court, which stated what the secured payment would be on this debt; and then once payments have been made and the case discharged decide that they actually needed to be paid more to made whole. The County had their chance to object to the plan for more than 4 years. By remaining silent and accepting payments for 4 years the County must have been in agreement to the secured value provided under debtors' plan. The confirmed plan stated what the secured claim was in this case and without objection the lien should have been released once payments were made per the plan. It is not enough to file a higher secured claim and expect to be paid more if confirmation has already be held and the order entered under res judicata. The plan in this case states that the secured claim is $8000 and the debtor paid $8000 - therefore, the lien must be released.

Wherefore, Debtors pray this Honorable Court grant this request finding the County has violated the discharge injunction, that the County is bound by the confirmed plan, that the County violated the automatic stay by continuing to charge interest on the taxes, reasonable attorneys fees, sanctions for violations listed above and other such relief this Court deems reasonable and necessary.

Respectfully submitted,
S/ Julie M Gleason
Attorney for Debtor/Plaintiff

Gleason and Gleason
Julie M Gleason ARDC 6273536
77 W Washington Ste 1218
Chicago, IL 60602
312-578-9530
Juliegleasonlaw@yahoo.com